The Employment Law Firm
Cynthia L. Pollick, LLM                                               Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| LUZERNE COUNTY and RYAN FOY, in his Individual Capacity, | : | NO. |
| | : | |
| Defendants | : | |

## COMPLAINT

NOW comes the Plaintiff, JANE DOE, by her attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

## PARTIES

1. Plaintiff, JANE DOE, presently resides in Luzerne County, and at all times in question was employed by Luzerne County.

2. Defendant, RYAN FOY, who was the former Deputy Chief of the Sheriff's Department of Luzerne County under the Stankus administration, and was a servant, agent, and employee of Luzerne County, and was acting under

color of state law when he engaged in official policy, custom, and practice to deprive DOE of her constitutional right to privacy.

3. Defendant, Luzerne County, is a Commonwealth municipality with a principal office at 200 North River Street, Pennsylvania. Defendant Luzerne County engaged in official policy, custom, and practice when it allowed Deputy Sheriff FOY to videotape Doe while she was using a decontamination shower at a medical facility without her knowledge and then disseminating photos and video images of her.

## JURSIDICTION

4. This suit is brought and jurisdiction lies based on a federal question. The injuries sustained are pursuant to 42 U.S.C. § 1983 for constitutional violations of DOE's rights pursuant to the Fourth and Fourteenth Amendments. Plaintiff also asserts state claims for which there is supplemental jurisdiction.

5. The purpose of the Fourth Amendment is "to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials". *Camara v. Municipal Court*, 387 U.S. 523, 528 87 S. Ct. 1727, 28 L. Ed. 2d 930 (1967).

6. One's barely clothed naked body is not open to the government's inspection, recording, and dissemination.

## FACTS

7. On or about September 27, 2007, Defendant Foy unlawfully seized video images of DOE while she was using a decontamination shower room at a medical facility without her knowledge or consent, and then further violated her right to privacy by distributing still images of said video to individuals.

8. DOE had a reasonable expectation of privacy in using a decontamination shower without the government invading unwarrantedly and impermissibly.

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### VIOLATION OF PRIVACY RIGHTS
### SECTION 1983 AND PENNSYLVANIA LAW
### PLAINTIFF V. DEFENDANTS

9. Plaintiff, DOE, hereby incorporates by reference paragraphs one (1) through eight (8) above as if set forth herein at length.

10. As stated above, Defendants seized video images of Plaintiff DOE while she was using a decontamination shower facility without her knowledge or consent.

11. Defendant Foy distributed said images and placed copies of them on his Luzerne County computer labeled "Brian's ass".  Another individual was videotaped in the decontamination shower as well.

12. Defendant Foy and his agents' actions constitute seizure in violation of the Forth Amendment to the United States Constitutions and deprived DOE of her right to privacy found in the Fourteenth Amendment.

13. DOE had not learned of the videotaping and posting until a third party came forward and told her of the same.

14. DOE did not consent to the videotape and its recording and reproduction violates her federal and state right to privacy.

15. As a result of Defendants and their agents' actions, DOE suffered embarrassment, humiliation, injuries and damages.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 and state law, including but not limited to the following, destruction of all video and/or photographic images of Jane Doe, all equitable remedies allowable at law, injunctive relief, nominal damages, punitive damages, injunction against future acts, attorney fees and costs, pre- and post- interest, delay damages and emotional distress.

## COUNT II
## VIOLATION OF DOE'S
## CONSTITUTIONAL RIGHT
## FAILURE TO TRAIN
## PLAINTIFF V. DEFENDANT

16. Plaintiff, DOE, hereby incorporates by reference paragraphs one (1) through fifteen (15) above as if set forth herein at length.

17. Defendant LUZERNE failed to train its employees and agents not to invade an employee's privacy by videotaping them nude and partially clothed naked body when using a decontamination shower facility.

18. Defendant LUZERNE did not have a policy in place prohibiting the videotaping of nude and/or partially clothed employees.

19. Defendant LUZERNE did not have a policy prohibiting the dissemination of videotaped material that contained naked and partial clothed images.

20. Defendant LUZERNE was deliberately indifferent to DOE'S rights and intentionally failed to train its employees adequately as referenced above as well as failed to have policies in place prohibiting the conduct in question.

21. Defendant LUZERNE's failure to train caused DOE to be harmed as stated above since if LUZERNE had trained the employees in question, DOE would never have been videotaped and then her image disseminated.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 and Pennsylvania law, including but not limited to the following, destruction of all video and/or photographic images of Jane Doe, all equitable remedies allowable at law, nominal damages, punitive damages, injunction against future acts, attorney fees and costs, pre- and post- interest, delay damages and emotional distress.

A Jury Trial is demanded on all counts.

> By: /s/ Cynthia L. Pollick
> Cynthia L. Pollick, Esquire
> Pa. I.D. No.: 83826
> 363 Laurel Street
> Pittston, PA 18640
> (570) 654-9675
> pollick@lawyer.com