# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-1155 |
| v. | (JUDGE CAPUTO) |
| LUZERNE COUNTY, RYAN FOY, in his Individual Capacity, and BARRY STANKUS, in his Individual Capacity, | |
| Defendants, | |

## MEMORANDUM

Presently before the Court is Defendant Barry Stankus' Motion to Dismiss Plaintiff's Second Amended Complaint. As both parties have attached evidence that is outside the pleadings, this Court will convert the Motion to Dismiss to a Motion for Summary Judgment, and give the parties thirty (30) days to submit additional evidence and/or supplemental briefs.

## BACKGROUND

Plaintiff Jane Doe filed her first Complaint on June 17, 2008. (Doc. 1.) On November 25, 2009, Plaintiff filed a Second Amended Complaint, adding Defendant Barry Stankus as a party. (Doc. 29.) Plaintiff alleges that she was an employee of Luzerne County when, on September 27, 2007, she was videotaped by Defendant Ryan Foy, without her knowledge or consent, while using a decontamination shower. (Doc. 29, ¶¶ 1, 8.) Stankus was the Sheriff of Luzerne County at the time and acting as an official policy-maker when he ordered Foy, who was Deputy Chief, to videotape Plaintiff. (*Id.* at ¶ 3.) Foy allegedly distributed the images of Plaintiff using the decontamination shower and placed copies of the images on

Luzerne County computers. (*Id.* at ¶ 12.) Plaintiff did not learn about the videotape or the distribution of the images until a third party "came forward and told her of the same" at some unspecified date. (*Id.* at ¶ 14.) Plaintiff's Second Amended Complaint brought a claim for relief pursuant to 42 U.S.C. §1983 against all Defendants for violation of the Fourth Amendment and violation of privacy rights (Count I), and a claim against Luzerne County for failure to train in violation of 42 U.S.C. § 1983 (Count II).

On December 18, 2009, Defendant Stankus filed a Motion to Dismiss, arguing that Plaintiff's claims against him were time-barred. In her brief in opposition, Plaintiff argued that she was not aware of the videotaping and dissemination of images until April 2008. To prove this claim, Plaintiff attached an excerpt of her deposition. In his reply brief, Defendant Stankus contended that, although Plaintiff might not have been aware of the dissemination of the videotape, Plaintiff was aware that she was being videotaped at the time she was showering. Defendant Stankus attached Plaintiff's entire deposition to his reply brief. Thus, this motion has been fully briefed and is currently ripe for disposition.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S.

2

at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's

3

complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." However, the rule also requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Thus, before deciding the motion for summary judgment, a court must ensure that all parties have adequate notice of the conversion and a reasonable opportunity to present evidence to the court. *See In Re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir. 1999). This Court has previously converted a 12(b)(6) motion to a summary judgment motion where there were questions of fact regarding the date on which the statute of limitations began to run. *See Kern v. S.L.C. Graphics*, 3:02-cv-2162, slip op. at 10-11 (M.D. Pa. Sept. 19, 2003).

Civil rights actions brought pursuant to 42 U.S.C. § 1983 are, essentially, constitutional tort claims. *Brown v. Pennsylvania State Department of Health*, 514 F. Supp.2d 675, 679 (M.D. Pa. 2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). "As such, they are subject to the same statute of limitations period applicable to state personal injury actions." *Id.* In Pennsylvania, the statute of limitations for personal injury actions is two years. 42 PA. CONST. STAT. ANN. § 5524(7). Claims brought under § 1983 do not accrue until the plaintiff "knew or had reason to know of the injury that constitutes the basis of [the] action." *Rose v. Bartle*, 871 F.2d 331, 348 (3d Cir. 1989).

4

As noted above, both parties have submitted evidence that is outside the pleadings to prove when this cause of action accrued. Because this Court has not excluded this evidence, it is required to convert the 12(b)(6) motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). The parties will be allowed thirty (30) days from the date of the attached order to submit any additional evidence or supplemental briefs regarding the issue of whether Plaintiff's claims against Defendant Stankus are time-barred.[1]

## **CONCLUSION**

For the foregoing reasons, Defendant Stankus' Motion to Dismiss will be converted to a Motion for Summary Judgment. Both parties will be given thirty (30) days to present additional evidence and submit supplemental briefs, not to exceed seven (7) pages. An appropriate Order follows.

February 25, 2010                                           /s/ A. Richard Captuto
Date                                                               A. Richard Caputo
                                                                     United States District Judge

---

[1] The parties will not be limited to the accrual issue and will be allowed to present evidence on the other issues of timeliness raised in the instant motion and briefs, including whether Plaintiff's Second Amended Complaint meets the requirements of Federal Rule of Civil Procedure 15(c)(1)(C).

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>        v.<br><br>LUZERNE COUNTY, RYAN FOY, in his Individual Capacity, and BARRY STANKUS, in his Individual Capacity,<br><br>    Defendants. | CIVIL ACTION NO. 3:08-CV-1155<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this  25th  day of February 2010, **IT IS HEREBY ORDERED** that:

1) Defendant Stankus' Motion to Dismiss is **CONVERTED** to a Rule 56 Motion for Summary Judgment.

2) The parties shall submit further evidence and/or supplemental briefs of no more than seven (7) pages within thirty (30) days of the date of this order.

                                                        /s/ A. Richard Caputo  
                                                        A. Richard Caputo  
                                                        United States District Judge