# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JANE DOE,

    Plaintiff,

        v.

LUZERNE COUNTY, RYAN FOY, in his Individual Capacity, and BARRY STANKUS, in his Individual Capacity,

    Defendants.

CIVIL ACTION NO. 3:08-CV-1155

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are two motions filed by Plaintiff seeking to strike various exhibits that Defendants have submitted in support of their motion for summary judgment. For the reasons discussed more fully below, Plaintiff's motion to strike the affidavits of various members of the Luzerne County Sheriff's Office (Doc. 52) will be granted in part and denied in part and the motion to "strike untimely identified expert" (Doc. 55) will be denied in part and granted in part.

## BACKGROUND

Plaintiff Jane Doe filed her first Complaint on June 17, 2008. (Doc. 1.) On October 20, 2008, the parties filed a joint Case Management Plan. (Doc. 11.) Under the section labeled disclosure, which called for each party to list by name and title "each person whose identity has been disclosed," Plaintiff stated that she had disclosed "[a]ll employees and former employees of Luzerne County Sheriff's Office;" Defendants stated that they had disclosed "[a]ll persons disclosed by Plaintiff and in discovery to date."

On November 25, 2009, Plaintiff filed a Second Amended Complaint. (Doc. 29.) Plaintiff alleges that she was an employee of Luzerne County when, on September 27, 2007, she was videotaped by Defendant Ryan Foy, without her knowledge or consent, while using a decontamination shower. (Doc. 29, ¶¶ 1, 8.) Defendant Barry Stankus was the Sheriff of Luzerne County at the time and acting as an official policy-maker when he ordered Foy, who was Deputy Chief, to videotape Plaintiff. (*Id.* at ¶ 3.) Foy allegedly distributed the images of Plaintiff using the decontamination shower and placed copies of the images on Luzerne County computers. (*Id.* at ¶ 12.) Plaintiff did not learn about the videotape or the distribution of the images until a third party "came forward and told her of the same" at some unspecified date. (*Id.* at ¶ 14.) Plaintiff's Second Amended Complaint brought a claim for relief pursuant to 42 U.S.C. §1983 against all Defendants for violation of the Fourth Amendment and violation of privacy rights (Count I), and a claim against Luzerne County for failure to train in violation of 42 U.S.C. § 1983 (Count II).

An Amended Case Management Order was entered on December 17, 2009. (Doc. 35.) That order stated 1) that discovery would be completed by February 3, 2010, 2) that Plaintiff was to comply with the requirements for disclosure of expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) by March 4, 2010, 3) that Defendants were to comply with the requirements for disclosure of expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) by March 29, 2010, and 4) that dispositive motions were to be filed by March 29, 2010.

On December 18, 2009, Defendant Stankus filed a Motion to Dismiss, arguing that Plaintiff's claims against him were time-barred. Both parties submitted deposition evidence with their briefs. As a result, this Court issued an order converting the 12(b)(6) motion into a motion for summary judgment. (Doc. 43.)

On March 29, 2010, Defendants filed a Motion for Summary Judgment. (Doc. 45.) Defendants also filed an exhibit list in support of their motion; the exhibit list included affidavits from Jason Volciak, Eric Aigeldinger, and John Jugus, who were all employed by the Luzerne County Sheriff's Office at the time that the videotape was made. The exhibit list also included the affidavit of Defendants' expert witness G. Hunter Jones.

On April 15, 2010, Plaintiff filed a "Motion to Strike Affidavits Since the Witnesses Were Not Disclosed During Discovery and Permission to Depose Those Individuals Before Trial." (Doc. 52.) On April 30, 2010, Plaintiff filed a "Motion to Strike Untimely Identified Expert, or in the Alternative, Motion to Permit Plaintiff Time to Hire and Examine Defendants' Computers/Servers as Well as Take Defendants' Expert's Deposition." (Doc. 55.) Both motions have been fully briefed and are currently ripe for disposition.

## DISCUSSION

### 1.  Luzerne County Sheriff's Office Employees' Affidavits

Fed. R. Civ. P. 26(a)(1)(A)(i) states that "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." When a party fails to disclose the information required by Fed. R. Civ. P. 26(a), that party is not allowed to use the information or witness to supply evidence on a motion, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). According to the 1993 comments to Rule 37(c), examples of the type of "harmless" failure envisioned by the Rules would be the inadvertent omission from

3

disclosure of the name of a potential witness known to all parties or the failure to list a trial witness that was also listed by another party.

The rule leaves district courts with discretion to determine whether the omission was substantially justified or harmless. *Hess Fence & Supply Co. v. United States Fidelity & Guaranty Co.*, No. 4:04-CV-2648, 2006 WL 3325445, at *2 (M.D. Pa. Oct. 12, 2006) (citing *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153,156 (3d Cir. 1995)). In the Third Circuit, the factors weighed in deciding whether a failure to disclose is harmless are: (1) prejudice or surprise to party against whom evidence is offered; (2) ability of party to cure prejudice; (3) likelihood of disruption to trial; and (4) bad faith or willfulness involved in not complying with the disclosure rules. *Id.* at *5 (citing *Newman*, 60 F.3d at 156). However, "exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977).

Defendants argue that they did not violate Rule 26(a) because the joint Case Management Plan states that Plaintiff had disclosed "[a]ll employees and former employees of Luzerne County Sheriff's Office." Although the Court has no evidence whether this broad statement made by Plaintiff included the identities of Jason Volciak, Eric Aigeldinger, and John Jugus, the Defendants' responses to Plaintiff's First Set of Interrogatories do not include these individuals as people who had knowledge of the facts relating to this case. Furthermore, logically, it seems unrealistic that Plaintiff would be able to comprehensively disclose the identity of every current and former employee of the Luzerne County Sheriff's Office at such an early stage in the litigation. Conversely, it is likely that Defendants had

4

access to payroll records and other documents that would alert them to the employees of the sheriff's office who might have discoverable information. Notably, Defendants have not submitted any evidence that the names and identities of Volciak, Aigeldinger, and Jugus were ever disclosed to Plaintiff.

Having determined that Defendants did, in fact, violate Rule 26(a), this Court must decide whether the failure to disclose the identities of Volciak, Aigeldinger, and Jugus was substantially justified or harmless. First, Plaintiff is prejudiced by Defendants' failure to disclose Volciak, Aigeldinger, and Jugus for the purposes of the summary judgment motion. Because their testimony was only presented in affidavit form, Plaintiff did not have the opportunity to depose these witnesses and potentially create genuine issues of material fact regarding the evidence they are presenting. Secondly, for the purposes of this summary judgment, Plaintiff will not be able to cure the prejudice because the period for discovery is closed.

However, the third and fourth factors cut in favor of keeping the affidavits in the record. Trial is not likely to be disrupted by these affidavits, as there is currently a summary judgment pending and trial is not scheduled for several more months. Furthermore, Plaintiff has not shown that Defendants acted in bad faith.

Although it is considered an extreme sanction to exclude "critical evidence" without a showing of bad faith or "flagrant disregard" for the disclosure rules, exclusion is warranted here because the affidavits are not critical evidence for Defendants. The affidavits at issue are all two paragraphs long and are identical to several other affidavits already in the record.[1]

---

[1] The body of the affidavits in question read:
1. On September 27, 2007, I was employed . . . with the Luzerne County Sheriff's

5

Thus, this evidence is not critical to Defendants for the purposes of this summary judgment motion, wherein Plaintiff is only seeking to show that there is a genuine issue of material fact that precludes judgment from being entered in favor of Defendants. Therefore, the harshness that normally makes exclusion such an "extreme" sanction is not present in this case because the witnesses are one of many that Defendants can call on to prove that members of the Luzerne County Sheriff's Office never saw any of the videotapes that are the center of Plaintiff's suit. Therefore, because Defendants failed to disclose the identities of Volciak, Aigeldinger, and Jugus, and that failure was not substantially justified or harmless, Plaintiff's motion to strike their affidavits will be granted. To the extent that Plaintiff seeks to depose Volciak, Aigeldinger, and Jugus, the motion will be denied; discovery deadlines have already been extended several times, this case is set for trial in August 2010, and the exclusion of evidence presented by the testimony of Volciak, Aigeldinger, and Jugus obviate the need for Plaintiff to depose these individuals.

### 2. Defendants' Expert's Affidavit

Fed. R. Civ. P. 26(a)(2)(A) requires parties to disclose the identity of any expert witness it plans to use at trial to present evidence. In disclosing expert witnesses, the party must provide "a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following: (1) a complete statement of all opinions the witness will express and the basis and reasons for them, (2) the data or other information

---

Office.
2. I have never seen the videotape or any still photographs taken of Deputy Sheriff [Jane Doe] on September 27, 2007.

6

considered by the witness in forming them, (3) any exhibits that will be used to summarize or support them, (4) the witness's qualifications, including a list of all publications authored in the previous 10 years, (5) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition, and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(B)(i)-(vi). Expert witness disclosures must be made at the time ordered by the court. Fed. R. Civ. P. 26(a)(2)(C). The failure to disclose this information is sanctioned in the same way as described in the preceding section, as this is a violation of Rule 26(a), and, therefore, falls within the ambit of Rule 37(c).

First, this Court notes that Defendants had until March 29, 2010 to disclose their expert witnesses pursuant to Rule 26(a)(2). Defendants complied with this time frame. In fact, Defendants' attorney sent a letter to Plaintiff's counsel on that date stating that "the affidavit of Hunter Jones . . . is also submitted in compliance with Defendants Ryan Foy, Barry Stankus and Luzerne County's expert discovery obligations." (Doc. 59, Ex. A.) Furthermore, that affidavit was previously submitted to Plaintiff's counsel on February 2, 2010. (Doc. 59, Ex. B.) Therefore, this disclosure was timely pursuant to Rule 26(a)(2)(C) and this Court's Case Management Order of December 17, 2009.

However, an inspection of Mr. Jones' affidavit reveals that Defendants have not fully complied with Rule 26(a)(2)(B)(vi) because the expert witness report does not contain a statement of the compensation to be paid for the study and testimony in the case. The disclosure also does not include the exhibits used to support Mr. Jones' opinions as required by Rule 26(a)(2)(B)(iii). Nonetheless, this failure on the part of Defendants is harmless, and exclusion is not warranted. This failure is not prejudicial to Plaintiff because the summary

7

judgment motion can be decided without this information. Furthermore, any future prejudice could be rectified by Defendants by disclosing to Plaintiff the compensation that Mr. Jones will receive and the exhibits used to support the expert's opinion. Moreover, trial is not likely to be disrupted because there is a summary judgment currently pending and trials is several months away. Also, Plaintiff has not shown bad faith on the part of Defendants. Finally, the evidence sought to be excluded, Defendants' expert witness's testimony, is critical to their case, and excluding it based on remediable oversights would be an extreme and unwarranted sanction.

To the extent that Plaintiff's motion seeks to permit time to hire her own expert witness, that motion is denied. Plaintiff had ample opportunity to hire an expert for this case, and was aware of the deadline set out in the Case Management Order. Plaintiff let that deadline pass without hiring an expert and waited almost two months before seeking leave from this court to hire an expert. Plaintiff cannot argue that Defendants violated the rules despite disclosing their expert within the parameters of the deadlines set out by this court and then seek leave to hire, and presumably disclose pursuant to Rule 26(a)(2), an expert at this late hour.

As to Plaintiff's motion to depose Mr. Jones, that motion will be granted. Fed. R. Civ. P. 26(b)(4)(A) states that a party may depose any person identified as an expert whose opinions maybe presented at trial, and that the deposition may only be conducted after the expert witness report is provided. Defendants have stated that Mr. Jones will be available to testify at trial. (Doc. 49.) Even though discovery ended on February 3, 2010, Defendants' expert reports were not due until March 29, 2010, making it impossible, by rule, for Plaintiff to conduct a deposition of Mr. Jones until after March 29, 2010. Thus, Plaintiff will be given

8

leave to depose Mr. Jones.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's "Motion to Strike Affidavits Since the Witnesses Were Not Disclosed During Discovery and Permission to Depose Those Individuals Before Trial" (Doc. 52) will be granted in part and denied in part, and Plaintiff's "Motion to Strike Untimely Identified Expert, or in the Alternative, Motion to Permit Plaintiff Time to Hire and Examine Defendants' Computers/Servers as Well as Take Defendants' Expert's Deposition." (Doc. 55) will be granted in part and denied in part. An appropriate Order follows.

June 1, 2010                                                     /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                    United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>LUZERNE COUNTY, RYAN FOY, in his Individual Capacity, and BARRY STANKUS, in his Individual Capacity,<br><br>    Defendants. | CIVIL ACTION NO. 3:08-CV-1155<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this  1st  day of June 2010, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion to Strike Affidavits Since the Witnesses Were Not Disclosed During Discovery and Permission to Depose Those Individuals Before Trial (Doc. 52) is **GRANTED in part and DENIED in part** as follows:

   a) Plaintiff's motion is **GRANTED** regarding the affidavits of Jason Volciak, Eric Aigeldinger, and John Jugus. These affidavits are **STRICKEN** from the record for failure to comply with Fed. R. Civ. P. 26(a)(1)(A)(i), and these individuals are **EXCLUDED** from testifying at any hearing or trial pursuant to Fed. R. Civ. P. 37(c)(1).

   b) Plaintiff's motion to depose Jason Volciak, Eric Aigeldinger, and John Jugus is **DENIED**.

2) Plaintiff's Motion to Strike Untimely Identified Expert, or in the Alternative, Motion to Permit Plaintiff Time to Hire and Examine Defendants' Computers/Servers as Well as Take Defendants' Expert's Deposition (Doc. 55)

is **GRANTED in part and DENIED in part** as follows:

a) Plaintiff's motion to strike Defendant's expert disclosure is **DENIED**.

b) Plaintiff's motion to hire an expert is **DENIED**.

c) Plaintiff's motion to depose Defendants' expert witness is **GRANTED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge