**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>LUZERNE COUNTY, RYAN FOY, in his individual capacity, and BARRY STANKUS, in his individual capacity,<br><br>    Defendants. | CIVIL ACTION NO. 3:08-1155<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is the Motion for Leave of Court to File Supplemental Motion for Summary Judgment (Doc. 83) filed by Defendants Ryan Foy and Barry Stankus. Defendants seek leave of Court to file a supplemental summary judgment motion in order to argue that Defendants are entitled to judgment as a matter of law on the basis of qualified immunity. (Doc. 85.) Plaintiff, however, argues that Defendants' request should be denied as untimely and overdue. (Doc. 88.) Because Defendants' request to file a supplemental motion for summary judgment does not establish an "intervening change" in controlling law or set forth an expanded factual record for the Court to review in deciding Defendants' proposed supplemental filing, Defendants' motion for leave of Court will be denied.

**I. Background**

Plaintiff commenced this action on June 17, 2008 alleging Defendants Luzerne County and Ryan Foy violated her constitutional rights when she was videotaped without her knowledge or consent by Defendant Foy while using a decontamination shower at a medical facility. (Doc. 1.) On November 25, 2009, Plaintiff filed a Second Amended Complaint against Luzerne County, Foy, and Barry Stankus asserting claims for violation of Plaintiff's privacy rights and violation of Plaintiff's constitutional rights for failure to train. (Doc. 29.) Defendants subsequently filed a motion for summary judgment as to all of Plaintiff's claims, (Doc. 45), which the Court granted in its entirety. (Doc. 76.)

On appeal, however, the Third Circuit reversed the Court's dismissal of Plaintiff's violation of privacy claim under the Fourteenth Amendment. (Doc. 84, Ex. 1.)  In a matter of first impression, the Third Circuit held that "one may have a constitutionally protected privacy interest in his or her partially clothed body." *Doe v. Luzerne Cty.*, 660 F.3d 169, 176 (3d Cir. 2011).  As material facts remained in dispute, however, regarding whether Plaintiff's exposure violated her reasonable expectations of privacy, the Third Circuit remanded the case for further proceedings. *See id*. at 177.

On remand, Defendants now seek leave of Court to file a supplemental summary judgment motion to argue that Defendants are entitled to judgment as a matter of law on the basis of qualified immunity. (Doc. 83.)  This argument was not advanced by Defendants in their first summary judgment filing. (Doc. 45.)  Nevertheless, Defendants argue that Plaintiff's privacy rights were not clearly established on the date of the incident, and, therefore, Defendants are entitled to qualified immunity. (Doc. 85; Doc. 89.)  In opposition, Plaintiff contends that it would be unfair to allow Defendants to advance an argument in a successive summary judgment motion that could have been raised in the first filing. (Doc. 88.)  Defendants' motion has been fully briefed and is now ripe for disposition.

## II. Discussion

**A.   Applicable Legal Standards**

Whether to allow a party to file a renewed or supplemental motion for summary judgment is a decision that lies within the discretion of the district court. *See, e.g., Ingram v. S.C.I. Camp Hill*, 448 Fed. Appx. 275, 278 (3d Cir. 2011); *Gulezian v. Drexel Univ.*, No. 98-3004, 1999 WL 200675, at *2 (E.D. Pa. Apr. 8, 1999).

> A renewed or successive summary judgment motion is appropriate especially if one of the following exists: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice.

*Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995).  Consideration of a successive summary judgment motion is particularly appropriate "when the defendant has expanded the factual record on which summary judgment is sought." *Gulezian*, 1999 WL 200675, at

*2; *Holloman v. Neily*, No. 97-8067, 1998 WL 828413, at *1 (E.D. Pa. Nov. 25, 1998).

Because a denial of a motion for summary judgment is generally a non-final order, *see In re Complaint of PMD Enter., Inc.*, 301 F.3d 147, 149 (3d Cir. 2002), a district court has the discretion to review renewed motions for summary judgment. *Grayer v. Twp. of Edison*, No. 02-2969, 2007 WL 2595530 (D. N.J. Sept. 5, 2007). *But see infra* n.1.

However, in considering successive or supplemental summary judgment motions, a district court must be cognizant of the "law of the case" doctrine. The "law of the case" doctrine directs courts to "refrain from re-deciding issues that were resolved earlier in the litigation." *Pub. Interest Research Grp. of N.J. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). The "law of the case" developed to maintain consistency during the course of a single lawsuit and to promote finality and judicial economy. *See id*. Although a court may revisit the prior decisions of its own or of a coordinate court, the court should hesitate to do so in the absence of "extraordinary circumstances." *See id*. at 116 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)). The Third Circuit has recognized various "extraordinary circumstances" warranting reconsideration of an issue decided earlier in the course of litigation, including: (1) availability of new evidence; (2) announcement of a supervening law; and (3) necessity to correct an earlier decision that was clearly erroneous or would create manifest injustice. *Pub. Interest Research Grp.*, 123 F.3d at 116-17 (citing *Bridge v. United States Parole Comm'n*, 981 F.2d 97, 103 (3d Cir. 1992); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169-70 (3d Cir. 1982)).

**B.     Defendants' Request to File a Supplemental Summary Judgment Motion**

Defendants seek leave of Court to file a supplemental motion for summary judgment. (Doc. 83.) The thrust of Defendants' argument is that Plaintiff's Fourteenth Amendment claim fails as a matter of law against the individual defendants based on the defense of qualified immunity. However, Defendants improperly focus on the merits of their proposed summary judgment motion. Instead, the issue before the Court is only whether Defendants should be granted the opportunity to present a second motion for summary judgment.

1.  **Lack of "Intervening Change" in Controlling Law or an Expanded Factual Record**

Whether an individual has a privacy interest in his or her partially clothed body was "a matter of first impression in this circuit." *Doe v. Luzerne Cty.*, 660 F.3d 169, 176 (3d Cir. 2011). Since the Third Circuit had never addressed this issue before, Defendants assert that "the scenario established by Plaintiff was, therefore, not clearly established." (Doc. 85.) As a result, "the first opportunity Defendants had to raise the effect of the Third Circuit's decision and the applicability of the doctrine of qualified immunity was following the Third Circuit's October 12, 2011 decision." (Doc. 89.)

The Court, however, disagrees with Defendants' conclusion that the doctrine of qualified immunity could not have been argued in their first motion for summary judgment. In particular, Defendants' first motion for summary judgment emphasized that Defendants' actions failed to amount to a violation of Plaintiff's constitutional rights. (Doc. 45; Doc. 47.) Defendants' argument was predicated on their belief that the individual defendants were not liable under § 1983 because Plaintiff was unable to establish a Fourth or Fourteenth Amendment privacy interest in her partially clothed body. (Doc. 45; Doc. 47.) Yet, Defendants did not take the next logical step and argue that even if Plaintiff had a constitutional right to privacy in this situation, the individual defendants would be entitled to qualified immunity.

Although Defendants do not clearly articulate why the Court should *permit* a successive summary judgment motion to be filed, it appears that Defendants' position is based on the Third Circuit deciding Plaintiff's appeal as a matter of first impression. *See Doe*, 660 F.3d at 176; *see also* (Doc. 85.) While Defendants are correct that the Third Circuit had never previously decided whether an individual has a constitutionally protected privacy interest in their partially clothed body, it does not necessarily follow that this holding establishes that the Third Circuit's decision constituted an "intervening change" in controlling law. Had the Third Circuit previously rejected the right asserted by Plaintiff, but, on appeal, the Third Circuit reversed its prior position and held that such a right exists, Defendants

4

would be able to persuasively argue that an "intervening change" in controlling law occurred. Here, however, the entry of binding precedent only clarified, as opposed to altered, the existing law. *See, e.g., in re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 381 (D. N.J. 2007). As such, Defendants' argument that the Third Circuit's decision constituted an "intervening change" in the law is not compelling.

Similarly, Defendants do not argue that any new evidence will be presented in their supplemental motion for summary judgment or that the factual record has expanded necessitating the need for filing a successive summary judgment motion. Instead, Defendants proposed supplemental motion only seeks to argue that the individual defendants are entitled to qualified immunity- an argument that Defendants could have readily raised in their first motion for summary judgment. Thus, the Court rejects Defendants' premise that the "first opportunity" to raise this argument was following the Third Circuit's October 12, 2011 decision. (Doc. 89.) As Defendants fail to present any new evidence or demonstrate an "intervening change" in controlling law, Defendants' motion to file a supplemental summary judgment motion will be denied.

### 2. Clearly Established Precedent

Although the Court will deny Defendants' motion to file a supplemental summary judgment motion, the Court will briefly address Defendants' assertion that Plaintiff's right to privacy in her partially clothed body was not clearly established on the date of the alleged violations. (Doc. 85; Doc. 89.)[1] According to Defendants, because the Third Circuit decided

---

[1] The Court is compelled to address this issue in the event that Defendants attempt to characterize this decision as a denial of a motion for summary judgment on a qualified immunity plea. Because cases "when summary judgment is denied to a defendant who urges that qualified immunity shelters her from suit, the court's order 'finally and conclusively disposes of the defendant's claim of right not to stand trial.' . . . [A]n immediate appeal may be pursued." *Ortiz v. Jordan*, 131 S. Ct. 884, 891, 178 L. Ed. 2d 703 (2011) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S. Ct. 2806, 86 L.Ed. 2d 411 (1985)). As the Court's resolution of this motion is not based on the merits of Defendants' qualified immunity plea and the decision only prevents Defendants from filing a supplemental summary judgment motion, this decision should not be construed as an absolute rejection of

this issue as a matter of first impression, a reasonable official would not have been aware that the alleged actions in this case were unlawful. (Doc. 85.)  As such, Defendants argue that the individual defendants are entitled to qualified immunity. (Doc. 85.)

The inquiry for whether an official is entitled to qualified immunity involves a consideration of: "(1) whether the officer violated a constitutional right; and (2) whether the right was clearly established, such that it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Adams v. Selhorst*, 449 Fed. Appx. 198, 202 (3d Cir. 2011).  A clearly established right does not require that "there be binding precedent from this circuit" when "the unlawfulness of the defendant's conduct would have been apparent to a reasonable official based on the current state of the law." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 211-12 n.4 (3d Cir. 2001); *see also Pro v. Donatucci*, 81 F.2d 1283, 1292 (3d Cir. 1996) ("the absence of a previous decision from our court on the constitutionality of the conduct at issue is not dispositive in determining whether the particular constitutional right was clearly established at a particular time").  And, when the Third Circuit has not specifically ruled on a right asserted by the plaintiff, the Third Circuit "*routinely considers decisions by other Courts of Appeals as part of [the] 'clearly established' analysis when we have not yet addressed the right asserted by the plaintiff.*" *Williams v. Bitner*, 455 F.3d 186, 192-93 (3d. Cir. 2006) (citing *Kopec v. Tate*, 361 F.3d 772, 777-78 n.6 (3d Cir. 2004); *Brown*, 269 F.3d at 211-12 n.4) (emphasis added).

As noted by the Third Circuit on appeal of this case, "although the issue of whether one may have a constitutionally protected privacy interest in his or her partially clothed body is a matter of first impression in this circuit, other circuits- including the Second, Sixth, and Ninth- have held that such a right exists." *Doe*, 660 F.3d at 176.  In *Poe v. Leonard*, 282 F.3d 123, 136-39 (2d Cir. 2002), the Second Circuit stated that "a police officer violates a person's constitutional right to bodily privacy when that officer manipulates the

---

Defendants' qualified immunity defense.  And, of course, Defendants may raise qualified immunity as a defense at trial.

circumstances to view, to photograph, to videotape, or otherwise to record that person's unclothed or partially unclothed body without his or her consent." The right to privacy in one's unclothed or partially clothed body, according to the Second Circuit, was clearly established by *1993*. *Id*. at 126 (emphasis added).

In *Brannum v. Overton Cnty. Sch. Bd.*, 516 F.3d 489, 497-98 (6th Cir. 2008), the Sixth Circuit concluded that the plaintiffs' privacy rights were violated when a school recorded the plaintiffs in their undergarments. The Sixth Circuit further recognized that "surreptitiously videotaping [of] plaintiffs in various states of undress is plainly among" the personal liberties that are so fundamental to human dignity as to need no "specific explication in our Constitution in order to ensure their protection against government invasion." *Id*. at 499.

Likewise, in *York v. Story*, 324 F.2d 450, 454-56 (9th Cir. 1963), the Ninth Circuit found that an individual has a right to privacy in his or her unclothed body because the court could not "conceive of a more basic subject of privacy than the naked body." As such, the Ninth Circuit concluded that an arbitrary intrusion into the security of one's privacy in their naked body violated an individual's rights guaranteed by the Due Process Clause of the Fourteenth Amendment. *See id*. at 456.

In light of this precedent, Defendants' argument that the right to privacy in one's partially clothed body was not clearly established by September 27, 2007- the date of Plaintiff's alleged deprivations of her constitutional rights- is not persuasive.[2] In any event,

---

[2] While Defendants may assert that this case is more akin to the facts in *Davis v. Bucher*, 853 F.2d 718 (9th Cir. 1988), *Davis*, as noted by the Third Circuit, is inapposite to the present matter, as that case implicated the privacy interests of a prisoner located in a state reformatory. *See Doe*, 660 F.3d at 177 n7. While other Courts of Appeals' decisions have similarly rejected violations of constitutional privacy claims by inmates where prison officials viewed their unclothed bodies, the Court does not find these cases applicable outside of the prison setting. *See, e.g., Kuntz v. Wilson*, 33 F.3d 59 (9th Cir. 1994) ("assignment of female prison guards to positions requiring only infrequent and casual observations of naked male prisoners does not violate the prisoners' privacy rights").

because Defendants fail to demonstrate an "intervening change" in controlling law or an expanded factual record, the Court need not conclusively resolve whether Plaintiff's constitutional rights were clearly established on the date of the alleged deprivation.

### III. Conclusion

For the above stated reasons, Defendants' Motion for Leave of Court to File Supplemental Motion for Summary Judgment will be denied.

An appropriate order follows.


| April 9, 2012 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |