**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-08-1155 |
| v. | (JUDGE CAPUTO) |
| LUZERNE COUNTY, RYAN FOY, in his individual capacity, and BARRY STANKUS, in his individual capacity, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are four motions *in limine* filed by Plaintiff Jane Doe in this civil action against Defendants Ryan Foy and Barry Stankus for the alleged violation of her constitutional right to privacy under the Fourteenth Amendment. (Docs. 94, 98, 106, 108.) Plaintiff's motions will be disposed of as follows:

**1.  Motion *in Limine* Precluding Evidence of Arrest, *Nolo Contendere* Plea, or Any Related Testimony Since the Incident Occurred Four (4) Years After the Invasion of Privacy at Issue in this Case (Doc. 94)**

Plaintiff's first motion *in limine* seeks to preclude Defendants from introducing testimony or other evidence surrounding a July 2011 incident that resulted in Plaintiff pleading *nolo contendere* to criminal charges. Plaintiff argues that criminal charges that result in *nolo contendere* pleas are inadmissible pursuant to Federal Rule of Evidence 410. Additionally, Plaintiff claims that the events occurred four years after the alleged invasion of privacy and are therefore irrelevant as well as highly prejudicial to this action.

In opposition, Defendants argue that the criminal charges filed against Plaintiff are relevant to the jury's determination of whether Plaintiff suffers emotional distress from the alleged invasion of privacy, or if the humiliation is a product of her widely publicized arrest and conviction. Moreover, Defendants argue that Federal Rule of Evidence 410 does not

preclude admission of Plaintiff's *nolo contendere* plea in this case.

Plaintiff's motion *in limine* will be granted in part and deferred in part. Defendants will be precluded from introducing evidence regarding the *nolo contendere* plea at trial pursuant to Rule 410 of the Federal Rules of Evidence. Rule 410 provides: "[i]n a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: . . . (2) a *nolo contendere* plea." Fed. R. Evid. 410; *see also L.C. v Cent. Pa. Youth Ballet*, No. 09-cv-2076, at *8 (M.D. Pa. July 2, 2010) ("it is well established that pleas of *nolo contendere* are inadmissible").

Defendants argue that Rule 410 is inapplicable here on the basis that courts "have rejected an interpretation of Fed. R. Evid. 410 which would preclude the introduction of evidence of a *nolo contendere* plea in civil rights actions." (Doc. 97.) These cases, however, do not justify admission of the *nolo contendere* plea in this action. For example, in *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988), the plaintiff, who had previously pled *nolo contendere* in a state court criminal proceeding, brought a federal civil rights action against police officers alleging false arrest and false imprisonment based on the same events to which she pled nolo *contendere*. The issue before the Sixth Circuit was whether "having voluntarily entered these pleas in state court and having been found guilty of the charges against them, are plaintiffs now estopped from seeking damages resting upon claims based upon alleged false arrest and false imprisonment?" *Id*. at 142. The Sixth Circuit found that the pleas in state court "estop[ped] plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause." *Id*. In reaching this conclusion, the court found that the action did not present the kind of scenario contemplated by Rule 410. And, the Sixth Circuit "decline[d] to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the arresting police." *Id*. at 413.

2

The other cases relied on by Defendants address similar issues. In *Domitrovich v. Borough of Monaca*, No. 08-cv-1094, 2010 WL 3489137, at *4-*6 (W.D. Pa. Sept. 1, 2010), the plaintiff filed a civil rights action against a police officer alleging excessive force, false arrest, and malicious prosecution. The district court rejected the plaintiff's contention that the doctrine of collateral estoppel did not apply because he entered a plea of *nolo contendere*. Instead, the district court noted that even though Rule 410 provides that a plea of *nolo contendere* is not admissible against the defendant who made the plea, "it does not follow that the defendant who entered the plea can disregard it and pursue liability against the state actors without restraint." *Id*. at *6. Likewise, in *Quagliarello v. Dewees*, 802 F. Supp. 2d 620, 629-30 (E.D. Pa. 2011), the plaintiff brought a civil rights action alleging claims against a police officer and the City of Chester. The district court cited *Walker* and *Domitrovich* as "persuasive authority for the proposition that a former criminal defendant cannot use Rule 410 to preclude admission of a *nolo contendere* plea in a related civil action alleging malicious prosecution." *Id*. at 631.[1]

*Walker*, *Domitrovich*, and *Quagliarello* are inapposite to the instant litigation. Plaintiff's plea of *nolo contendere* does not implicate the facts related to her civil rights action. Instead, the *nolo contendere* plea involves criminal charges wholly unrelated to the invasion of privacy claims advanced in this action. Likewise, this case does not involve a plaintiff attempting to use the *nolo contendere* plea offensively to obtain damages after having admitted facts which would indicate a lack of civil liability. Thus, I will rely on the plain language of Rule 410, and evidence of Plaintiff's *nolo contendere* plea will not be

---

[1] *Walker* and *Domitrovich* were nevertheless found inapplicable because *Quagliarello* involved a withdrawn guilty plea as opposed to a plea of *nolo contendere*. *See id*.

3

admissible at trial.[2]

Conversely, I will defer decision to the time of trial as to whether Defendants may introduce evidence about the arrest and related events to challenge Plaintiff's allegations of embarrassment and/or humiliation. While Plaintiff contends that the criminal charges do not determine any issue of fact in this matter, Defendants argue that the arrest is relevant to rebut Plaintiff's claim that she was embarrassed by the alleged invasion of privacy. Further, Defendants assert that the widely publicized criminal charges may have caused Plaintiff's alleged humiliation. Because the evidence and theories of this case that will be presented at trial are not clear at this time, a ruling on this issue will be deferred to trial.

**2. Motion *in Limine* to Preclude Testimony about the Sexual Orientation of Plaintiff or Any Other Employee and Their Sexual History (Doc. 98)**

Plaintiff's second motion *in limine* seeks to preclude testimony about her sexual orientation and the orientation of any other employee, as well as any employee's sexual history. Plaintiff argues that sexual preference is not a basis for liability in this action and is of no consequence to any issue of fact in dispute. Defendants oppose Plaintiff's motion. Specifically, they argue that while they had no intention of interjecting sexual orientation into

---

[2] It should be noted, however, that this ruling does not necessarily foreclose Defendants from using Plaintiff's criminal conviction, to which she pled *nolo contendere*, for impeachment purposes. Applying Pennsylvania law, the Third Circuit has "recognized that a plea of *nolo contendere* 'is indisputably tantamount to a conviction.'" *Marable v. W. Pottsgrove Twp.*, 176 F. App'x 275, 280 (3d Cir. 2006) (quoting *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004)). And, "evidence of felony convictions based on *nolo contendere* pleas can be admitted for impeachment purposes under Federal Rule of Evidence 609." *Brewer v. City of Napa*, 210 F.3d 1093, 1096 (9th Cir. 2000); *see also United States v. Lipscomb*, 702 F.2d 1049, 1072 (D.C. Cir. 1983) ("a nolo plea does not preclude subsequent use of a conviction under Rule 609"); *United States v. Williams*, 642 F.2d 136, 140 (5th Cir. 1981) ("a conviction based on such a [nolo] plea is as conclusive for purposes of Fed. R. Evid. 609 as a conviction based on a guilty plea or verdict."). Whether Plaintiff's conviction is of the nature that is admissible under Rule 609 is unknown to the Court at this time, and, if necessary, disputes over Rule 609's applicability to the instant case can be addressed at trial.

4

the instant matter, Plaintiff placed sexual orientation into issue by claiming that the "picture of Plaintiff's bare back revealed a tattoo of her partner's initials, which was an unknown fact that shocked and humored" a deputy sheriff. As such, according to Defendants, sexual orientation is relevant to the extent that Plaintiff claims her privacy was invaded by the revelation of her tattoo.

I will defer ruling on Plaintiff's motion until the time of trial. Whether this evidence is relevant to the issues in this case will depend largely on the testimony of Plaintiff and the extent she claims her privacy was invaded. Thus, it would be premature to make a determination on the admissibility of this evidence at this time.

**3.     Motion *in Limine* to Preclude Defendants' Expert's Notes (Doc. 106)**

Plaintiff also seeks to preclude Defendants' expert from referencing his own notes in this matter because "his notes could never be evidence since they were not documents that existed at the time of these events." In opposition, Defendants argue that the legal authority relied on by Plaintiff is inapplicable to the instant matter and their expert's notes are the type of information reasonably relied on by experts. I agree with Defendants in both respects. Plaintiff's motion *in limine* to preclude Defendants' expert from referencing or discussing his notes (Doc. 106) will therefore be denied.

**4.     Motion *in Limine* to Preclude Representation of Witnesses (Doc. 108)**

Plaintiff's final motion *in limine* seeks to preclude Defendants from mentioning that Plaintiff's counsel represented witnesses in this case in other, unrelated matters. Plaintiff' argues that her counsel's representation of any witness does not determine whether her rights were violated. As a result, she claims that Defendants should be precluded from mentioning her counsel's representation of any witness to the jury.

Defendants dispute Plaintiff's claim that her counsel's representation is not relevant to the instant matter. Defendants assert that Plaintiff's counsel's representation of certain

5

witnesses in this action will demonstrate motive and bias, which is relevant to the witnesses' willingness to testify and/or their proclivity to file civil rights lawsuits.

I will defer ruling on Plaintiff's motion to preclude reference to her counsel's representation of witnesses until the time of trial. Depending on the testimony of Plaintiffs' witnesses, Plaintiff's counsel's representation may be relevant to show bias or motive to testify. As such, it would be premature to rule on Plaintiff's motion at this time.

An appropriate order follows.

| | |
|---|---|
| October 29, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |